**David S. MEIK, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation Administration, Respondents.**

**No. 82-7175.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided July 14, 1983.

Darlene M. Freeman, Washington, D.C., for respondents.

William A. Helsell, Karen Vanderlaan, Seattle, Wash., for petitioner.

Before GOODWIN, ALARCON and FERGUSON, Circuit Judges.

PER CURIAM:

David S. Meik flew as an United Airlines pilot continuously from 1964 through 1978. In June 1978, at the age of thirty-five, he suffered a moderate cerebrovascular accident (CVA), i.e., stroke. He was hospitalized for a week, during which time he experienced difficulty with speaking and with motor coordination in his right hand. However by the time he was released, he could speak normally and his hand was much better. He has experienced no recurrence since and has no present disability of speech or hand.

Generally, a stroke results from a blockage in a blood vessel in the brain. In Meik's case, it was caused by an embolus that blocked the middle cerebral artery. The source of the embolus, which is defined as a mass of blood or other matter circulating in the blood stream, has never been determined.

In November 1979, Meik applied for a first-class airman medical certificate in order to resume his career. On September 19, 1980, the Federal Air Surgeon issued a final denial of the application. Meik sought and received a hearing before an Administrative Law Judge, who upheld the denial.

Meik then appealed to the National Transportation Safety Board (NTSB). The NTSB supplemented the record with new evidence arising out of additional medical testing and modified the findings of the ALJ, but also affirmed the denial, basing its decision on the fact that the cause of Meik's CVA has remained undetermined and, as a result, untreated. Pursuant to 49 U.S.C. § 1486, Meik now petitions for review by this court, contending that (1) the NTSB failed to follow the applicable regulation; and (2) a review of the substantial evidence does not support the Board's denial of the certificate. We do not find Meik's arguments persuasive and affirm the NTSB.

Federal regulations define two general categories of conditions which, if experienced by the applicant, are cause for disqualification. The first category lists specific disqualifying conditions. A CVA of the type suffered by Meik is not listed. The second category, at issue here, requires a case-by-case determination of the health of the applicant.

The regulation allows denial of a first-class airman medical certificate if the Federal Air Surgeon finds that the condition,

> (a) Makes the applicant unable to safely perform the duties or exercise the privileges of the airman certificate that he holds or for which he is applying; or
>
> (b) *May reasonably be expected, within 2 years after the finding, to make him unable to perform those duties or exercise those privileges.*

14 C.F.R. § 67.13(d)(2)(ii) (emphasis added). Meik asserts that he has no condition which makes him presently unable to fly safely and that he should not have been denied the certificate under the second prong of the test because the agency has made no showing that he may reasonably be expected to suffer a second CVA within two years. A certificate cannot be denied by reliance on "mere suggested possibilities." *See Petition of Stetson*, EA–751 2 N.T.S.B. 1687, 1689 (1975). Furthermore, it cannot be denied even if the applicant is at a "somewhat greater risk ... as compared to the general population." *See Petition of Moseby*, EA–776, 2 N.T.S.B. 1824, 1826 (1975).

Meik argues that the decision of the ALJ was based upon the mere possibility that the pilot might suffer another CVA within his lifetime and not within the two-year limitation specifically set out by the regulation. On review, the NTSB modified some of the findings of the ALJ but upheld his denial of the certificate on the grounds that the cause of the CVA has not been identified and therefore remains untreated, thereby increasing the risk of a second CVA within the two-year limitation set out by the regulation.

Meik also argues that the evidence presented did not support the decisions reached by either the ALJ or the NTSB. At the hearing, Meik introduced four doctors who testified to the risk of recurrence of a CVA. Their testimony treated Meik's condition from hematological, neurological and cardiovascular points of view. The doctors confined themselves to their own specialized areas, and each stated that Meik appeared to be in good health. They all produced theories for the cause of Meik's CVA, but none could positively state the reason for it.

Meik asserts that the agency attempted to rebut his strong showing by impermissibly relying upon "mere possibilities." *See Petition of Stetson,* EA–751, 2 N.T.S.B. at 1689. The "mere possibilit[y]" to which Meik refers is the testimony of Dr. Harold Stevens, a neurologist testifying for the FAA, who reported that Meik's chance of suffering another CVA is greatly increased over that of the general public and that fifty-two percent of stroke victims will suffer a second stroke within their lifetimes. Dr. Sacher, a hematologist also testifying for the FAA, pointed out that the blood studies, which one of Meik's doctors performed *in vitro,* are not a useful predictor of CVA recurrence as they may be normal in the presence of a non-hematological source of emboli, and they are not very specific. The doctors for both Meik and the FAA agree that the current status of Meik's health is good and that the definite source of the embolus which caused his CVA remains unknown.

The factual questions in issue are to be resolved by the NTSB. 49 U.S.C. § 1422(b). Those findings of fact are conclusive when supported by substantial evidence set out in the record. 49 U.S.C. § 1486(e); *Hart v. McLucas,* 535 F.2d 516, 520 (9th Cir.1976). The agency's findings are supported by the evidence if they logically arise from the facts. They need not be the only result which could so arise. *Horizon Mutual Savings Bank v. Federal Savings & Loan Insurance Corp.,* 674 F.2d 1312, 1316 (9th Cir. 1982).

Furthermore, the agency's interpretation of a regulation must be reviewed in relation to the statute from which it arose. *Pacific Coast Medical Enterprises v. Harris,* 633 F.2d 123, 131 (9th Cir.1980). Under its governing statute, the FAA has a heavy responsibility to:

> give full consideration to the duty resting upon air carriers to perform their services with the highest possible degree of safety in the public interest....

49 U.S.C. § 1421(b). In affirming the FAA's denial of the airman certificate, the NTSB found that:

> [I]t has been established that the CVA experienced by petitioner involved more than small blood vessels. It involved the occlusion of an artery by an embolus, the source of which has not been uncovered. The question raised by Dr. Stevens is a reasonable one. Dr. Stevens explained that the embolus had to have been generated elsewhere in the body and that, since its source is not known, there is no way to evaluate the risk of generation of other emboli that, in turn, are capable of blocking a cerebral artery. In short, there is no evidence on the record upon which a determination can be made that the risk of a further CVA is low.

The FAA's denial of an airman certificate to Meik is consistent with the agency's duty to promote the highest degree of aviation safety.

As applicant for a medical certificate, Meik bore the burden of proving that he met all of the qualifications required by the regulations. 49 C.F.R. § 821.25. The NTSB found that Meik failed to prove that

he did not present "a risk of sudden inca-
pacitation of unacceptable proportions for
aviation safety." While it is undisputed
that Meik presently appears to be in good
health, it is also undisputed that the cause
of his CVA has never been determined, that
it thus remains untreated, and that he now
operates under a substantially greater risk
of suffering another stroke. Had the cause
of the embolus been found and remedied, a
prediction as to recurrence might be accept-
able. However, given the fact that no
cause has ever been found, it cannot be
assumed that Meik will not suffer a second
disabling stroke within the next two years.
Substantial evidence supports the findings
of the NTSB, which correctly applied its
regulations. We therefore AFFIRM.