996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arnold A. GAUB, Petitioner-Appellant,
v.
FEDERAL AVIATION ADMINISTRATION, National Transportation
Safety Board, Respondents-Appellees.
 No. 92-9574.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Gaub, acting pro se, appeals the final decision of the National Transportation Safety Board (NTSB) which revoked his commercial pilot's license for multiple violations of Federal Aviation Administration (FAA) regulations. We exercise jurisdiction and affirm.
 
 Background
 
 3
 The violations grew out of three separate incidents. The first incident occurred in 1985 when Mr. Gaub had his pilot's license suspended for sixty days. The specific violation was that Mr. Gaub wrongfully refused to deliver his suspended license to the NTSB during the period of license suspension. The second incident occurred in January 1987. The specific violations revolved about Mr. Gaub's failure to take proper procedures upon entering controlled air space near Las Vegas, Nevada. The third incident occurred in November 1987. The specific violations revolved around Mr. Gaub's failure to follow prescribed procedures upon entering the Beale Air Force Base air space and nearly causing a midair collision.
 
 
 4
 These matters were consolidated for hearing before an Administrative Law Judge (ALJ), a hearing was held and the decision announced in December 1989. Mr. Gaub then appealed this decision to the Board which affirmed in July 1992.
 
 
 5
 Mr. Gaub appeals the July 1992 order. In his pro se brief he alleges:
 
 
 6
 1. "The District Court [in fact, the ALJ] was highly prejudicial against the appellant by failing to allow a continuance to require complainant to produce discovery material";
 
 
 7
 2. "Judge Mullins['] [the ALJ's] remarks demonstrate his prejudicial attitude toward the appellant";
 
 
 8
 3. "The facts ... prove that the appellant was not in violation....";
 
 
 9
 4. "The court failed to protect appellant's right to a fair trial by not requiring the complainant to produce documents he had requested from them...."; and
 
 
 10
 5. "The Judge's obvious prejudicial attitude ... shows through loud and clear."
 
 Discussion
 
 11
 Section 304(d) of the Independent Safety Board Act, 49 U.S.C. app. § 1903(d), provides that judicial review of an NTSB order shall be conducted in accordance with Chapter 7 of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be--"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ... (D) without observance of procedure required by law; or (E) unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (D), and (E). See generally Thomas Brooks Chartered v. Burnett, 920 F.2d 634, 643 (10th Cir.1990).
 
 
 12
 The NTSB's findings of fact are conclusive when supported by substantial evidence in the record. 49 U.S.C. app. § 1486(e). See Meik v. National Transp. Safety Bd., 710 F.2d 584, 586 (9th Cir.1983). Thus, the findings must "logically arise from the facts. They need not be the only result which could so arise." Id.
 
 
 13
 We first consider Mr. Gaub's claim that denial of the continuance was prejudicial error. Mr. Gaub requested the continuance to compel the Administrator to produce discovery documents. Appellees have characterized the request as eleventh hour. To begin, we take note that according to Mr. Gaub he made two discovery requests prior to the so-called eleventh hour written request. The first was an oral request made at an informal conference about one year prior to the trial. The second was made via a letter to the FAA with a copy to the NTSB about nine months prior to the trial. Mr. Gaub's requests were general in nature and asked for the evidence to be used against him.
 
 
 14
 The record discloses the case was scheduled for trial before the ALJ on December 14, 1989, by order served upon Mr. Gaub on November 3, 1989. On November 27, 1989, Mr. Gaub mailed a document entitled "Motion for Continuance To Complete Discovery and Respondent's Combined Interrogatories and Request for Production of Documents." The significant documents requested by Mr. Gaub were the transcripts of the applicable radio transmissions. The ALJ denied the motion on December 1 due to his heavy case load and schedule. The transcripts of the radio transmissions were completed approximately one week after Mr. Gaub's request; however, they were not delivered to Mr. Gaub until the time of trial. It is these facts which underlie Mr. Gaub's assertion of error resulting from the denial of the continuance.
 
 
 15
 Appellee's response is that the first request was "premature"; the second was directed to the wrong agency, although admitting a copy was received; and that Mr. Gaub was not prejudiced by the late delivery of the discovery documents.
 
 
 16
 This discovery dispute over a late request is the responsibility of both parties. On the one hand, Mr. Gaub appears pro se, and had Appellee made a good faith effort to either comply with Mr. Gaub's unorthodox requests or to notify him of their inability to do so without Mr. Gaub's compliance with applicable rules, this situation would not have developed. On the other hand, Mr. Gaub initiated the problem by his failure to follow appropriate and applicable rules of procedure, and an agency has the right to insist upon compliance with its rules. Had Mr. Gaub complied with the applicable rules, this situation would not have developed.
 
 
 17
 Although both parties bear some responsibility for the untimely delivery of documents to Mr. Gaub, even if we assume it was error for the ALJ to deny Mr. Gaub's request for a continuance, the error was harmless. Applying the harmless error test conventionally employed in criminal cases, the record amply shows that the outcome of Mr. Gaub's case would not have been different in the absence of the asserted error. See generally United States v. Rivera, 900 F.2d 1462, 1469-70 (en banc ) (10th Cir.1990). The denial of the continuance did not prejudice Mr. Gaub's case. The relevant evidence of Mr. Gaub's intrusion into restricted airspace was basically unrebutted and overwhelming. Mr. Gaub has raised a contrary interpretation of the events surrounding this case, but his interpretation has no support in the record. Furthermore, Mr. Gaub sought and received two continuances for his appeal from the ALJ's decision to the Board. He presented to the Board the arguments he raises in this appeal and the Board thoroughly considered all matters and affirmed the ALJ. Every error does not necessitate a new trial or a dismissal of the charges as Mr. Gaub requests. We cannot order a new trial unless there is some reason on the record to suggest the result at least might be different; otherwise a new trial would be a mere exercise in futility. No such reason exists in this case.
 
 
 18
 Mr. Gaub also asserts perjury was committed by Appellee's attorneys in responding to the various dates of discovery during the pretrial motion. The record on appeal fails to support Mr. Gaub's allegations.
 
 
 19
 We next consider Mr. Gaub's claim that the ALJ was prejudiced toward him as demonstrated by the ALJ's remarks to Mr. Gaub. Mr. Gaub directs our attention to the remarks the ALJ made during the ALJ's oral decision. The ALJ stated:
 
 
 20
 And it's just thanks to an alert air traffic controller that you're probably alive here today.
 
 
 21
 ....
 
 
 22
 And with the attitude that you've shown here in Court today, ... I hope that I'm never in sharing air space with you....
 
 
 23
 I think this conduct that exists here and the attitude that you've shared with us today about how screwed up the system is and how wonderful a pilot you are, establishes to my satisfaction that your competency as a pilot is seriously in question. And I feel that revocation as sought by the Administrator is an appropriate sanction.
 
 
 24
 Mr. Gaub also brings to our attention the remarks of the ALJ in relation to Mr. Gaub's request for a continuance where the ALJ stated: "although apparently it would seem that there has been some good faith effort to supply some of these things to you, I can't go home to Denver or give you additional time to get ready simply because you filed your request so late." Mr. Gaub also argues that the ALJ's prejudice is proven by the fact the ALJ rejected most of his exhibits which were mainly articles complaining about the FAA's enforcement policy.
 
 
 25
 The remarks of the ALJ in rendering his decision after he had heard all of the evidence and the argument of the parties do not show a prejudice. What Mr. Gaub fails to understand is that the ALJ was rendering his judgment. Mr. Gaub did not like what he heard; however, the ALJ had a duty to decide the case. All of the ALJ's remarks had a firm and solid basis in the record. Mr. Gaub also fails to understand his exhibits were not relevant. The issue before the judge was whether or not Mr. Gaub had violated regulations. The issue was not the fairness of enforcement policies. A litigant may not place on trial any issue he may desire.
 
 
 26
 Mr. Gaub asserts the Board improperly relied upon his violation history to support its determination that revocation was the appropriate sanction. This argument is not supported by the record. The record clearly shows the violations and the violations clearly demonstrated a lack of the care, judgment, and responsibility required of a pilot.
 
 
 27
 We conclude that substantial evidence supports the factual findings. Mr. Gaub's unhappiness stems from the fact-finder's disregard of Mr. Gaub's evidence. The law requires this court to accept the factual findings made if supported by substantial evidence. They were.
 
 
 28
 We appreciate that Mr. Gaub believes he has been treated unfairly. However, we have carefully read the entire record in this case and the proceedings were fundamentally fair. Mr. Gaub's case received a full and fair hearing by the ALJ and a careful review by the Board. The matter has again been reviewed by this court. This is a great deal of process. Of course, the hearing would have been more ideal had Mr. Gaub been represented by counsel; had he complied with all applicable rules; and had he received the transcripts prior to trial. Nevertheless, the proceedings in this matter were fair, and the record does not reflect that any participant bore personal animosity toward Mr. Gaub. We sincerely hope Mr. Gaub overcomes his bitterness and sees the outcome of this matter as a consequence of his actions rather than as a conspiracy against his person.
 
 
 29
 The judgment of the National Transportation Safety Board is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3