**NOT FOR PUBLICATION**

JUN 21 2013

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JOHN WAYNE FERGUSON,** | No. 11-72569 |
| Petitioner, | NTSB-1 No. EA-5590 |
| v. | |
| | **MEMORANDUM**[*] |
| **FEDERAL AVIATION ADMINISTRATION,** | |
| Respondent. | |

On Petition for Review of an Order of the
National Transportation Safety Board

Submitted June 3, 2013[**]
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **GOULD** and **N.R. SMITH**, Circuit
Judges.

**1.**  The record shows that the charter company for which Ferguson piloted

three flights designated those flights as "charter" in its maintenance log and was

paid for the time period in which Ferguson flew.  And Ferguson doesn't argue that

---

[*]  This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

he shared a common purpose with his passengers. Therefore, even if we disregard the FAA inspector's testimony, the NTSB's determination that Ferguson piloted commercial flights "logically arise[s]" from the facts in this case. Meik v. NTSB, 710 F.2d 584, 586 (9th Cir. 1983).

**2.** Ferguson fails to demonstrate that the ALJ showed bias stemming from an extra-judicial source or "'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Miller v. Commodities Futures Trading Comm'n, 197 F.3d 1227, 1235 (9th Cir. 1999) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Ferguson's argument that the NTSB is an outlier in not providing for automatic reassignment on remand is meritless. See Eolas Techs., Inc. v. Microsoft Corp., 457 F.3d 1279, 1283 (Fed. Cir. 2006) (noting Seventh Circuit is "unique" in making automatic reassignment on remand for new trial "the norm").

**3.** The NTSB did not err in ordering additional cross-examination, rather than a new hearing, on remand. While a vacated decision has no legal effect, U.S. Bancorp Mortg. Co. v. Bonner Mall P'Ship, 513 U.S. 18, 22–23 (1994), it doesn't follow that vacatur requires a new trial in all instances; it frequently doesn't.

**PETITION DENIED.**